**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MAKOMI BAMBA
505 Allison Street
Washington, DC 20011,

Plaintiff,

vs.

Case No.:

RESOURCE BANK
2901 S. Lynhaven Road, # 240
Virginia Beach, VA 22452

COSMOPOLITAN SETTLEMENTS
8555 16th Street, Suite 750
Silver Spring, MD 20910

AURORA LOAN SERVICES LLC
601 5th Avenue, P.O. Box 4000
Scottsbluff, NE 69363, and

WELLS FARGO BANK, N.A.,
P.O. Box 31618
Billings, Montana 59107-1678,

Defendants.

**NOTICE OF REMOVAL**

In accordance with 28 U.S.C. § 1441(a), defendant Aurora Loan Services LLC ("Aurora"), hereby removes the above-captioned lawsuit from the Superior Court of the District of Columbia, where it is currently pending, to the United States District Court for the District of Columbia. As grounds for the removal of this case, Aurora states as follows:

1. On or about June 5, 2008, plaintiff Makomi Bamba commenced this action against Aurora and others by filing a Complaint in the Superior Court of the District of Columbia, Civil Action No. 2008-CA-0004129 R(RP).

2. Though not entirely clear, the Complaint appears to arise out of the origination of a mortgage loan that plaintiff obtained at some unspecified time.

3. Plaintiff purports to allege the following three causes of action: (1) fraud, (2) violation of the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), and (3) gross negligence.

4. Pursuant to 28 U.S.C. § 1441(b), this action is removable both because the Complaint presents a federal question and because none of the defendants is a citizen of the District of Columbia.

5. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because the Complaint presents a federal question; specifically, plaintiff asserts that defendants violated RESPA. Compl. at 5, 6.

6. In addition, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

7. Upon information and belief, plaintiff is a citizen of the District of Columbia. Compl. at 1.

8. Aurora is a Delaware corporation that maintains its principal place of business in Colorado. Accordingly, Aurora is a citizen of the States of Delaware and Colorado within the meaning of 28 U.S.C. § 1332(c)(1).

9. Upon information and belief, defendant Resource Bank is a Virginia corporation that maintains its principal place of business in Virginia. Accordingly, Resource Bank is a citizen of the Commonwealth of Virginia within the meaning of 28 U.S.C. § 1332(c)(1).

10. Cosmopolitan Settlements is a Maryland corporation with its principal place of business in Maryland. Accordingly, Cosmopolitan Settlements is a citizen of the State of Maryland within the meaning of 28 U.S.C. § 1332(c)(1).

11. Upon information and belief, defendant Wells Fargo Bank, N.A., is a national banking association with its principal place of business in California. Accordingly, Wells Fargo Bank, N.A., is a citizen of the State of California within the meaning of 28 U.S.C. § 1332(c)(1).

12. The amount in controversy exceeds $75,000. As set forth in the Complaint, plaintiff seeks compensatory damages in the amount of One Million Dollars ($1,000,000.00) and punitive damages in the amount of Five Million Dollars ($5,000,000.00). Compl. at 6.

13. The Complaint was filed on June 5, 2008. Aurora was served with a summons and copy of the Complaint on June 12, 2008, and Cosmopolitan Settlements was served on or about the same date. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty days of receipt of a summons and the Complaint.

14. Upon information and belief, neither Resource Bank nor Wells Fargo Bank, N.A., have been served with process.

15. The Superior Court of the District of Columbia is located within the District of Columbia and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 88 because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

16. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Aurora is submitted herewith. *See* Exhibit A, attached hereto.

17. Upon the filing of this Notice of Removal, Aurora shall furnish written notice thereof to plaintiff, and shall file and serve a copy of this Notice with the Clerk of the Superior Court of the District of Columbia pursuant to 28 U.S.C. § 1446(d).

18. Cosmopolitan Settlements consents to the removal of this case. *See* Exhibit B, attached hereto.

Respectfully submitted,

WEINER BRODSKY SIDMAN KIDER PC

By: ______________________________

David M. Souders (DC Bar No. 441491)
Sandra B. Vipond (DC Bar No. 465702)
1300 Nineteenth Street, NW, Fifth Floor
Washington, DC 20036
(202) 628-2000 (telephone)
(202) 628-2011 (facsimile)

Attorneys for Defendant Aurora Loan Services LLC

Dated: July 2, 2008

F:\98012\040\lsbv659.brf(Remove).doc

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 2nd day of July, 2008, a copy of the foregoing Notice of Removal was served upon the following parties and counsel of record by first class, United States Mail, postage prepaid:

William S. Bach, Esq.
717 D Street, N.W., Suite 400
Washington, D.C. 20004

RESOURCE BANK
2901 S. Lynhaven Road, # 240
Virginia Beach, VA 22452

Craig L. Sarner, Esq.
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., 8th Floor
Washington, DC 20036

Wells Fargo Bank, N.A.
P.O. Box 31618
Billings, Montana 59107-1678

Hazel Berkoh

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Makomi Bamba | Resource Bank, Cosmopolitan Settlements, Aurora Loan Services and Wells Fargo Bank, NA |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
| William S. Bach, Esq.<br>717 D. Street, N.W. Suite #400<br>Washington, DC 2004<br>(202) 737-2930 | David S. Souders (Attorney for Def. Aurora Loan Services)<br>Weiner Brodsky Sidman Kider PC<br>1300 19th Street, N.W., Fifth Floor<br>Washington, DC 20036 Tel: (202) 628-2000 |

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⦿ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES

(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**○ A. *Antitrust***

- ☐ 410 Antitrust

**○ B. *Personal Injury/ Malpractice***

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. *Administrative Agency Review***

- ☐ 151 Medicare Act

Social Security:

- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes

- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**⦿ E. *General Civil (Other)*** OR **○ F. *Pro Se General Civil***

Real Property

- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☒ 290 All Other Real Property

Personal Property

- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy

- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions

- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights

- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits

- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty

- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes

- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| O G. *Habeas Corpus/ 2255* | O H. *Employment Discrimination* | O I. *FOIA/PRIVACY ACT* | O J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O K. *Labor/ERISA (non-employment)* | O L. *Other Civil Rights (non-employment)* | O M. *Contract* | O N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

O 1 Original Proceeding ⊙ 2 Removed from State Court O 3 Remanded from Appellate Court O 4 Reinstated or Reopened O 5 Transferred from another district (specify) O 6 Multi district Litigation O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff alleges violation of the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et seq.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** 1,000,000.00 Check YES only if demanded in complaint **JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

**DATE** July 2, 2008 **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# EXHIBIT A

# TO

# DEFENDANT AURORA LOAN SERVICES, LLC'S NOTICE OF REMOVAL



CA Form 1

# Superior Court of the District of Columbia

**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Room JM-170**
**Washington, D.C. 20001 Telephone: 879-1133**

MAKOMI BAMBA
501 ALLISON St.
WASHINGTON, DC 20011
*Plaintiff*

vs.

Civil Action No. 0004139-08

AURORA LOAN SERVICES
*Defendant*

2617 College Park
Scottsbluff, Neb 9367

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

WILLIAM S. BACH
Name of Plaintiff's Attorney

717 D St N.W. #400
Address

WASHINGTON, DC 20004

202-737-2930
Telephone

By [signature]
Deputy Clerk

Date [illegible]

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

MAKOMI BAMBA,
505 Allison Street
Washington, DC 20011 * 2008 CA
Plaintiff,
Vs.

0001120-08

RESOURCE BANK
2901 S. Lynhaven Road, # 240
Virginia Beach, VA 23452 *
And *

RECEIVED
Civil Clerk's Office
JUN 0 5 2008
Superior Court of the
District of Columbia
Washington, D.C.

COSMOPOLITAN SETTLEMENTS
855 16th Street, Suite 750
Silver Spring, MD 20910 *
And

AURORA LOAN SERVICES (ADDRESS UNKNOWN)

WELLS FARGO BANK, NA
P.O. Box 31618
Billings, Montana 59107-1678 West Garden Lane
Phoenix , Arizona 85027

COPLAINT FOR FRAUD AND DISHONEST TRADE TRANSACTIONS AND FALISIFACTION OF LOAN DOCUMENTS

The Plaintiff , MAKOMI BAMBA (further referred to as ) BAMBA.

The property that is the subject to this law suit. is 505 Allison Street, Washington, DC 20011 and the Bamba is a resident of the District of Columbia .

This court has jurisdiction in all issues presented in this law suit. Contract was made , signed . Plaintiff is a resident of the District and Suit is filed by William S. Bach, Esquire and Bomba avers to all the following facts in this case and declares them true. All the Defendants are jointly and severally liable for this real estate scam.

A. **FACTS**

This law suit involves a large mortgage scam that has spread in the United States which has bilked homeowners of billions of dollars of lost equity and threatens families with imminent foreclosure. Defendants did willfully participate in the outrageous falsification and bate and switch loans as in this case. Real estate professionals , banks, mortgagees, licensed mortgage brokers, realtors, title insurance companies , lawyers, and settlement agents orchestrated the fraud against Bomba.

Hundreds of Maryland, Virginia and the District of Columbia families entered in to purchasing a homes they could not afford. Bomba was not advised as to the real terms of the mortgage. Interest and fees were not as presented in the initial negotiations. Purchasers were not given a copy of the closing fees and costs prior to closing.

This law suit was facilitated by real estate professionals whose sole motive was to enrich themselves and their extravagant lifestyles at the expense of hard working citizens of the District of Columbia.

This case is text book case of fraud and is systematic of the 2,000 cases In Prince Georges County and the Washington , D.C..

Defendants by fraudulent and deceptive business practices jointly and severally used a bait and switch tactics and made a loan that could not be paid by Bomba.

Bomba , was to receive a market interest rate and did not get the rate as quoted by the mortgage brokers. The real estate professionals reduced their liability and created a false transaction on paper which appeared to be legitimate but were actually an elaborate scheme to defraud homeowners. Wall Street packaged the loans and put their approval on them as prime investments. The over seas banks were misled as to the quality of the loans. Loans were sold as triple A investments . European Banks could not protect themselves or their depositors as they purchased billions of dollars in sub prime loans. The loan documents were forged and showed in some cases interest only and in others amortization.

The Mortgage Brokers received the yield spread premium and acted with malice, intent, knowledge to make the terms of the loan criminal. Defendants in some cases represented both parties to the detriment of Bomba.

The negative impact for all homeowners in the District Of Columbia as a result of this scam. Hundreds of homeowners will lose their homes, neighborhoods will lose millions in home values and impact the entire city by their greed and fraudulent conduct. Over 60 % of these loans were made to blacks and Hispanics.

This contract violates Section 28-3904 (r) of CPPA, Prohibits the making of Unconscionable contracts by charging more than 3.75% (points) for a residential loan.

CHARGE I. FRAUD

The Defendant , RESOURCE BANK Of VIRGINIA BEACH, Negotiated a

loan without checking the income of Bomba ; was not a qualified buyer and the interest only loan was tailored to make the loan closed and packaged for resale.

Mortgagee knowingly and intentionally made fraudulent representations and misrepresentations and omission of material fact in order to induce Bomba to enter the transaction. Plaintiff reasonably relied on the representation in executing the subject loan transaction. Bomba was not represented by counsel at closing.

Defendants carried out a systematic scheme that affected minorities and individuals who lacked the full knowledge of real estate fees and true cash flow expectations. Bomba was set up for a default from day one. Defendants Resource Bank and their agents and mortgage brokers and attorneys for the settlement company would arrange for mortgages for substantially more than the value of the property. Bomba loan was $ 515,000.00 this was a 100% loan to an unqualified buyer .Outrageous fees and charges at the time of closing were gorged from the borrower. The sellers were not there as well. A power of attorney covered up the fees and costs for the Defendant's equity stripping. A indemnification and hold harmless agreement shows clearly the actions of the Defendants jointly and severally

**Additional fees were paid to the Mortgage Broker by the Bank for the interest rate that gave a yield increase to the detriment of Bomba. Mortgage Broker worked both sides of the loan transaction. Mortgage Broker was not licensed to do business in Washington, D.C..**

Bomba is in possession of the property and has continued to improve the

property. Bomba has suffered substantial economic harm and mental stress.

The interest rates were not competitive and the true payments were not explained. The adjustable rates terms were outrageous.

The scam orchestrated by the Defendants jointly and severally , created a conspiracy which they all benefited ; including the lawyers, and brokers who received finders fees.

The loans were improperly, unfairly and illegally made and all were enriched by willful, systematic and taking illegal advantage of Bomba a African black woman

The Defendants have engaged in willful, systematic and widespread violations of the Federal Racketeer Influenced and Corrupt Organizations Act (RICO). The Real Estate Settlement Procedures Act (RESPA). RICO provides protections against patterns of racketeering, which consist of the repeated violations of predicate acts which are criminal in nature including mail fraud and wire fraud.

RESPA is a consumer protection statute that regulates the settlement procedure in real estate transactions, which requires the consumers, both buyers and sellers, receive full disclosure at various times in the transaction, and which outlaws kickbacks or unearned fees as in this case and the true costs at the settlement table. Selected and identified settlement companies which were known to have overlook the standard closing formalities. Junk fees and settlement-sheet add-ons must be for actual services performed.

Plaintiff's loan was an illegal transaction. Mortgagee received huge fees paid to

Loan Brokers. There was a lack of prudence shown by the title company and or its agents. Title company closed so many other similar loan that they had to know what was going on and failed to stop it. The Defendants had a duty of fair dealing .

The HUD documents will show large amounts of fees and costs paid to the Defendants and no one questioned the amounts.

COUNT II
VIOLATION OF THE FERAL REAL ESTATE SETTLEMENT PROCEEDURES ACT
(RESPA) 12 U.S.C. § 2601, et seq.
ALL DEFENDANTS

Plaintiff re-alleges and incorporates by reference the foregoing allegations. Defendants jointly engaged in procuring and provided closing, title or settlement servicing concerning residential mortgage loans, including " federally related mortgage loans" as that phrase is defined by RESPA at 12 U.S.C §2602 and at 24 C.F.R. § 3500.2 (3), involving the named Plaintiff. There was never any proper disclosures made to Plaintiff in direct violation of the code. The specific violation of RESPA § 8 (a) ,12 U.S.C. § 2607 (a).

COUNT III

GROSS NEGLIGENCE
(AGAINST RESOUCE BANK )

BAMBA re allege and incorporate by reference the fore going allegations. RESOURCE BANK, of Virginia, had a duty to adhere to the fair practices act and should have exercised due diligence but was captivated by the profits in the

transaction they were to monitor and never inquired as to the obvious fees paid and in the end BOMBA would suffer. Broker worked both sides of the loan and represented the mortgagee by setting higher interest rates to secure a bonus from the mortgagee.

The HUD 1 disbursements were fraud in fact and did comport with the obvious reality of the closing amounts and BAMBA blind to them. Broker and Bank loan officers had a duty to explain the fees and payments. Their were obvious constructive notice of the outrageous irregularities and illegalities apparent to all with the exception of Plaintiff. Defendants carried out a systematic scheme that affected minorities and individuals who lacked the knowledge of real estate fees and true cash flow projections. The attorney for her own financial benefit blinded herself along with the closing agent to the obvious illegalities in the transaction.

As agents for the title company they acted in a wonton disregard for the rights of the Plaintiff and are subject to the damages claimed in this matter.

WHEREFORE , Makoni Bamba requests this Court award him $1,000,000,.00 in Compensatory damages, and $ 5,000,000.00 in Punitive damages and costs and attorney fees in the amount of 25% and other fees such and further relief as the nature of this case may require.

Respectfully submitted,

William S. Bach, Esquire
717 D. Street, NW # 400
Washington, DC. 20004
301-737-2930Bar # 448392
Attorney For Plaintiff

REQUEST FOR A JURY TRIAL

Plaintiff Demands a trial by jury on all causes of action set forth herein.

William S. Bach.




# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MAKOMI BAMBA
Vs.
RESOURCE BANK

C.A. No. 2008 CA 004129 R(RP)

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH E RETCHIN
Date: June 5, 2008
Initial Conference: 9:30 am, Friday, September 05, 2008
Location: Courtroom 316
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

**ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **MAKOMI BAMBA** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 2008 CA 004129 R(RP)** |
| | : | **Judge Judith E. Retchin** |
| **RESOURCE BANK, et al.** | : | **Next Event: Initial Conf: 9/5/08** |
| | : | |
| **Defendants.** | : | |

**DEFENDANT COSMOPOLITAN REAL ESTATE SETTLEMENTS, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COMES NOW, Defendant COSMOPOLITAN REAL ESTATE SETTLEMENTS, INC. (incorrectly named as "Cosmopolitan Settlements") (hereinafter, "Defendant" or "*this* Defendant"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and, pursuant to Rules 12(b)(6) and 9(b) of the Superior Court Rules of Civil Procedure, moves for dismissal with prejudice, as to Plaintiff's Complaint and as its grounds, submits the accompanying Memorandum.

WHEREFORE, Defendant COSMOPOLITAN REAL ESTATE SETTLEMENTS, INC. (incorrectly named as "Cosmopolitan Settlements") requests that its Motion to Dismiss be granted and Plaintiff's Complaint be dismissed with prejudice and that it be awarded its cost of this action and such other and further relief as the Court may deem just and proper.

Date: June 20, 2008.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

\s\ Craig L. Sarner

Joseph J. Bottiglieri, Esquire, Bar No. 418523
Craig L. Sarner, Esquire, Bar No. 447523
1233 20th Street, N.W., Suite 800
Washington, DC 20005
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
***Counsel for Defendant COSMOPOLITAN REAL ESTATE SETTLEMENTS, INC.***

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **MAKOMI BAMBA** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 2008 CA 004129 R(RP)** |
| | : | **Judge Judith E. Retchin** |
| **RESOURCE BANK, et al.** | : | **Next Event: Initial Conf: 9/5/08** |
| | : | |
| **Defendants.** | : | |

**DEFENDANT COSMOPOLITAN REAL ESTATE SETTLEMENTS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COMES NOW, Defendant COSMOPOLITAN REAL ESTATE SETTLEMENTS, INC. (incorrectly named as "Cosmopolitan Settlements") (hereinafter, "Defendant" or "*this* Defendant"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and, pursuant to Rules 12(b)(6) and 9(b) of the Superior Court Rules of Civil Procedure, files this Memorandum in support of its Motion to Dismiss Plaintiff's Complaint with prejudice, and as its grounds, states the following:.

## I. PLAINTIFF'S FACTUAL ALLEGATIONS

This matter stems from a real estate closing that occurred on or about July 7, 2005. This Defendant was the settlement company for the subject closing, Plaintiff was the borrower and Defendant Resource Bank was the lender. Plaintiff alleges that this matter involved "a large mortgage scan." (Complaint, Page 2). Plaintiff alleges that "Defendants… used a bait and switch tactics and made a loan that could not be paid by Bomba." However, no where in the Plaintiff's FACTS section, or anywhere else for that matter, does the Plaintiff even mention *this* Defendant by name and/or state the actions or inactions of *this* Defendant in relation to the loan that Plaintiff allegedly received.



194022-1

Moreover, the allegations of the Complaint appear to focus solely on Plaintiff's issues with the terms of the loan that he obtained from the lender, i.e., Defendant Resource Bank. However, as Plaintiff must know, *this* Defendant is a settlement company, not a mortgage company or lender and, therefore, *this* Defendant does not having anything to do with the terms, etc. of the loan. Consequently, the inclusion of *this* Defendant in this lawsuit is incorrect.

Furthermore, the Complaint is so deficiently that *this* Defendant finds in almost impossible to decipher the allegations contained therein and/or what cause(s) of action are being filed against it. Plaintiff's Complaint is deficient in that it fails to even mention *this* Defendant by name in the body of the Complaint other than merely referring generically to "defendants" as opposed to setting out the actions or inactions of each of defendant for which Plaintiff seeks recourse. Moreover, there are no factual allegations contained in the Complaint as to *this* Defendant's actions or inactions which were alleged to cause damage to the Plaintiff.

Plaintiff has filed this action seeking compensatory and punitive damages, along with (outrageous and impermissible) attorneys' fees and costs, against several parties, apparently including *this* Defendant. Although it is unclear as to whether Count I (Fraud) is directed at *this* Defendant, out of abundance of caution, *this* Defendant moves to dismiss Count I, along with Count II (RESPA)and the claims for punitive damages of the Complaint. Count III specifically states that it is only against Defendant Resource.

## II. STANDARD OF REVIEW

### A. MOTION TO DISMISS

#### 1. Standard of Review for Motion to Dismiss.

Defendant files this Motion to Dismiss under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure for Plaintiff's "failure to state a claim upon which relief can be

granted" for its claims for compensatory and punitive damages, and attorney fees and costs under various counts. Defendant also relies upon Rule 9(b) of the Superior Court Rules of Civil Procedure.

Rule 12(b)(6) of the Superior Court Rules of Civil Procedure allows a party to assert the defense that a pleading fails to state a claim upon which relief can be granted by motion. In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court may dismiss an action "where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McBryde v. Amoco Oil Co.*, 404 A.2d 200 (1979).

Under Rule 9(b), "[i]n all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity." " Rule 9(b) requires a heightened level of pleading with particularity with respect to claims for fraud. Conclusory allegations lacking particularity or specificity are insufficient to state a claim for fraud. See *Atraqchi v. GUMC*, 788 A.2d 559 (2002).

## ARGUMENT

### A. PLAINTIFF HAS FAILED TO STATE WITH REQUISITE SPECIFICITY (COUNT I)

#### I. FRAUD

To establish a claim for fraud, Plaintiffs' must allege: (1) that Defendant made a false representation to Plaintiffs; (2) of material fact, (3) made with knowledge of its falsity, (4) with intent to deceive and (4) Plaintiffs' reliance upon the representation. *See Bennett v. Kiggins,* 377 A.2d 57 (1977). "One pleading fraud must allege such facts as will reveal the existence of all the requisite elements of fraud." *Id.* However, conclusory statements are insufficient to state a claim for fraud. See *Atraqchi v. GUMC*, 788 A.2d 559 (2002).

Plaintiff's Complaint, while stating "buzz" words and/or conclusory statements that appear to sound in fraud, fails to actually allege any elements of fraud, at least as to *this* Defendant. First, there is no allegation that *this* Defendant made any false representation whatsoever to Plaintiff. Second, there is no factual allegation that *this* Defendant knew that something it communicated to Plaintiff was false, let alone materially false. Third, there is no factual allegation that *this* Defendant made any such misrepresentation for the purpose of defrauding Plaintiff. Fourth, there is no factual allegation that Plaintiff reasonably relied to their detriment on any such misrepresentation made by *this* Defendant. In sum, whatever alleged fraudulent activity may have occurred among the other parties, there is no allegation that properly ties *this* Defendant to such misconduct.

Furthermore, to properly state a claim for fraud, Plaintiff must state, with specificity, the actions or inactions of *this* Defendant that they alleged were fraudulent. In their Complaint, Plaintiff merely makes generalized statements, lumping all of the "defendants" together. This is not sufficient pursuant to Rule 9(b) to state a claim for fraud against *this* Defendant. For any such allegations of fraud, Plaintiff must state, with specificity, the exact statements, including the person making such statements, the date such statements were made and to whom they were made. Plaintiff has failed to do so in their Complaint.

The Complaint contains nothing more than "catch-all" conclusory statements, with absolutely no factual allegations cited in the Complaint to support any claim for fraud. However, "in all averments of fraud ..., the circumstances constituting fraud ... must be stated with particularity." *Snow v. Capitol Terrace*, 602 A.2d 121 (1992). While Plaintiff makes generalized statements regarding "defendants'" alleged activities as a whole, Plaintiff has failed to state what actions of *this* Defendant constitute fraud.

## II. RICO

Although Plaintiff has not filed a separate cause of action for RICO, he has made such allegations in Count I (Fraud). Therefore, out of an abundance of caution, Defendant responds thereto.

**a. Plaintiff's allegations do not rise to the level required for RICO claims pursuant to the requisite heightened level of pleading of Rule 9 (b).**

In order to establish RICO violations, pursuant to Rule 9 (b), much like allegations of fraud, the court requires a heightened level of pleading. (*See* Section, F, *supra*.). The Complaint alleges that, "Defendants have engaged in willful, systematic and widespread violations of the Federal Racketeer Influence and Corrupt Obligations Act (RICO). RICO provides protections against patterns of racketeering, which consist of the repeated violations of predicate acts which are criminal in nature including mail fraud and wire fraud." (Complaint, Page 5). *Arguably*, Plaintiff has generalized some of the elements under RICO. However, no facts have been cited to support such claims. The only such statement concerning RICO is cited above. This is legally insufficient to state a claim for RICO (and/or fraud) pursuant to Rule 9(b). See *Wade v. Hooper*, 993 F.2d 1246, 1250 (7th Cir. 1993).

**b. RICO claims are not permissible for mere common law fraud.**

Furthermore, Courts have stated that "civil and criminal penalties for RICO claims are reserved for schemes whose scope and persistence set them above routine." *Flip Mortgage Corp. v. McElhone*, 841 F2d 531, 538 (4th Cir. 1988) (where the court, in reviewing RICO claims, "this circuit will not lightly permit ordinary business contract or fraud disputes to be transformed into federal RICO claims.); *accord, GE Investment Private Placement Partners II v. Parker*, 247 F.3d 543, 551 (4th Cir. 2001); *Al-Abood v. El-Shamari*, 217 F.3d 225, 238-39 (4th Cir. 2000); *Marketing Products Management, LLC v. HealthandBeautyDirect.Com, Inc.*, 333 F.

Supp. 2d 418, 425 (D. Md. 2004); *Maryland-National Capital Park Planning Comm'n v. Boyle*, 203 F. Supp. 2d 468, 476 (D. Md. 2002); *Arnold v. Moran*, 687 F. Supp. 232, 236 (E.D. Va. 1988). As the Fourth Circuit has explained, the RICO statutes are meant to apply to situations that "resemble an extended, widespread, or particularly dangerous pattern of racketeering which Congress intended to combat with federal penalties." *FlipMortgage*, 841 F.2d at 538.

Plaintiff appears to be attempting to seek RICO-based damages, as part of his claim for fraud, for an alleged single incident of alleged common law fraud against "the defendants". Federal courts have repeatedly stated, however, that RICO is not an "alternative, and cumulative, remedy for private plaintiffs alleging securities fraud or misrepresentations in the context of real estate transaction." *Adair v. Hunt International Resources Corp.*, 526 F. Supp. 736, 747 (N.D. Ill. 1987). In the present action, the Complaint alleges that Plaintiff was damaged by an alleged "scheme" involving an alleged loan to Plaintiff. Furthermore, Plaintiff's allegations flow through one predicate act; not a pattern of separate predicate acts involving multiple injuries, over an extended time period.

Notwithstanding the fact that Defendant denies the allegations contained therein, Plaintiff's allegations simply do not rise to the requisite scope of activity required to make out a RICO violation. Equally important, pursuant to Rule 9 (b), the allegations contained in Plaintiff's Complaint are factually deficient for lack of specificity.

**c. Plaintiff has failed to allege that *this* Defendant's actions were part of a "pattern of racketeering activity".**

In order to state a claim pursuant to 18 U.S.C. § 1961 *et. seq*., Plaintiff must plead and prove that *this* Defendant's actions constituted a "pattern of racketeering activity." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240-43 (1989). The courts have defined "pattern of racketeering activity" as "a series of criminal acts as defined by the [RICO] statute." *United*

*States v. Williams*, 809 F.2d 1072, 1094 (5th Cir. 1987). A "pattern of racketeering activity" is "formed by the commission of two or more such acts . . . ." *Pit Pros, Inc. v. Wolf*, 554 F. Supp. 284, 285 (N.D. Ill. 1983). Such "pattern of racketeering activity" is "proved by evidence of requisite number of acts of racketeering committed by participants in the enterprise." *Williams*, 809 F.2d at 1094.

Plaintiff has not alleged, and cannot allege, that any such "pattern of racketeering activity" occurred. At best, Plaintiff's Complaint "alleges that [*this* defendant] committed a single act of common law fraud in regard to a single real estate transaction. There is no allegation that in furtherance of this supposed scheme or artifice [the defendant] committed two or more of the requisite criminal acts. " *Pit Pros,* 554 F. Supp. at 285 (where the court, in dismissing RICO claims stated, "even if [plaintiff] alleged two instances of mailings or phone calls, this complaint does not come close to making out a case of mail or wire fraud").

Furthermore, where an alleged real estate fraud scheme was "narrowly directed toward a single allegedly fraudulent goal … involved one victim … one group of perpetrators … and a limited goal (fraud and breach of contract in one real estate transaction) a complaint must be dismissed as it fails to satisfy the continuity prong of RICO's pattern requirement." *Continental Realty Corp. v. J.C. Penney Co.*, 729 F. Supp. 1452, 1455 (S.D.N.Y. 1990) (where RICO claims were dismissed as there was "no indication that alleged fraud will continue in future").

Furthermore, within the meaning of RICO, a "pattern of racketeering activity", is not established merely by proving two predicated acts. *H. J., Inc.*, 492 U.S. at 240-43. "There must be a showing of at least two predicated acts of racketeering and the threat of continuing activity." *Rojas v. First Bank Nat'l Ass'n*, 613 F. Supp. 968, 971 (E.D.N.Y 1985). In the instant action, Plaintiff has only alleged one single loan transaction with no allegations of continuing activity.

The requisite "pattern of racketeering activity" required by the federal courts is not met for allegations of ordinary business fraud in which an alleged single scheme is perpetrated against a single victim. Therefore, Plaintiff's allegations fall far short of that which is required to state a cause of action for RICO violations.

**d. Plaintiff has failed to allege that "continuity" exists.**

RICO's "pattern requirement was intended to limit RICO to those cases in which racketeering acts are committed in a manner characterizing the defendant as a person who regularly commits such crimes. RICO is not aimed at the isolated offender. There must be some indication of a threat of continuing activity by the defendants, not just one instance of fraud with a single victim." *SK Hand Tools Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 940 (7th Cir. 1988). However, the Complaint has not alleged, and cannot allege *this* Defendant "regularly commits such crimes" and/or that there was a "threat of continuing activity." Simply put, in order "to establish the requisite pattern [of racketeering activity], the plaintiffs must allege facts which suggest long-term criminal activity, not short-lived episodes unlikely to be repeated." *Wade v. Hooper*, 993 F.2d 1246, 1251 (7th Cir. 1993); *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 683-84 (4th Cir. 1989); *also see Boyle*, 203 F. Supp. 2d at 478.

At most, *arguably*, Plaintiff is alleging a single "scheme" which had a beginning and an ending, while, RICO requires "continuity" of ongoing wrong doing. Where the alleged scheme "had a natural ending with no threat of continued criminal activity … the continuity element of the pattern requirement is not satisfied." *Olive Can Co. v. Martin*, 906 F.2d 1147, 1151 (7th Cir. 1990). More particularly, the Complaint's sole allegations of RICO mail and wire fraud are its averments that "RICO provides protections against patterns of racketeering,

which consist of the repeated violations of predicate acts which are criminal in nature including mail fraud and wire fraud." (Complaint, Page 5). There are no allegations that *this* Defendant (or any other) used "mail and wire" to further any such alleged "scheme." However, since even "multiple acts of [alleged] mail fraud in furtherance of single episode of fraud involving one victim and relating to one basic transaction cannot constitute the necessary pattern [of racketeering activity]" (*see Tellis v. United States Fidelity & Guaranty Co.*, 826 F.2d 477, 478 (7th Cir. 1987), the allegations contained in the Complaint fails to meet the RICO "continuity" requirement.

**e. Plaintiff has failed to allege RICO mail and wire fraud allegations with the requisite specificity.**

In order to obtain relief pursuant to the RICO statutes, Plaintiff must allege with specificity a particular "racketeering activity" in which *this* Defendants engaged. Here, it appears that the Complaint, at most, alleges that the "defendants" "engaged in ... violations of RICO." (Complaint, Page 5) However, in accordance with Rule 9(b), allegations of "fraud must be stated with particularity." *Alan Neuman Productions, Inc. v. Albright*, 862 F2d 1388, 1392 (9th Cir. 1988) (dismissing RICO claims based upon mail and wire fraud, because the allegations were "entirely general," without "specifics of time, place or nature of the alleged communications are pleaded").

**f. Plaintiff is not entitled to civil remedies pursuant to § 1964 as it has failed to allege any prohibited activities pursuant to § 1962.**

The Plaintiff has failed to specify under which section(s) of the RICO statutes it is claiming relief. However, it is clear that the Complaint's allegations are deficient under every such section. Section 1964(c), the part of the RICO statutes that allows for civil claims by private plaintiffs, affords a remedy to "any person injured in his business or property by

reason of a violation of section 1962 . . . ." Basically, section 1962 "makes it unlawful for any person to receive any income derived, directly or indirectly, from a pattern of racketeering activity." *Adair v. Hunt International Resources Corp.*, 526 F. Supp. 736, 746 (N.D Ill. 1981). The "prohibited activities under section 1962 are the investment of proceeds from racketeering activity in an enterprise which affects interstate commerce and the gaining of control or participation in the operation of such an enterprise through a pattern of racketeering activity.." *In re Faltico*, 561 F.2d 109, 111 (8th Cir. 1977). Therefore, as Plaintiff has not sufficiently alleged any criminal activity required by section 1962, Plaintiff may not maintain civil cause of action under RICO against *this* Defendant.

In sum, whether under "fraud" or "RICO," Count I of the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and the Court should therefore dismiss Count I of the Complaint with prejudice.

**B. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RESPA (COUNT II)**

Plaintiff has failed to allege factual allegations which support any of the elements of RESPA against *this* Defendant. In fact, Plaintiff has failed to specify any of the requisite elements of RESPA and the actions or inactions of this Defendant that were a violation of RESPA. Moreover, Plaintiff has failed to even mention *this* Defendant by name in the body of the Complaint. Instead, Plaintiff refers to "defendants." This is improper.

Plaintiff has also failed to parse out each "defendants'" alleged activities, which are alleged to have violated RESPA. Plaintiff has simply made a conclusory statement without any factual support. This is insufficient and not properly pled. Also see *Williams v. Berkshire Financial Group, Inc.*, 491 F.Supp.2d 320 (E.D. N.Y. 2007)

Therefore, Count II of Plaintiff's Complaint must be dismissed with prejudice.

**C. THE CLAIM FOR GROSS NEGLIGENCE IS NOT DIRECTED AT THIS DEFENDANT (COUNT III)**

**D. PLAINTIFF'S ALLEGATIONS DO NOT RISE TO THE LEVEL OF <u>PUNITIVE DAMAGES</u>**

The District of Columbia courts have been clear in reserving punitive damages only for those acts of a truly heinous nature and avoiding turning every case into one for punitive damages. To permit the facts, as alleged, to allow for punitive damages, would effectively turn every negligence action into one for punitive damages. The facts of the instant action do not rise to the level where the Plaintiff's are to be permitted to seek punitive damages. Therefore, the Plaintiff's claim for punitive damages must be dismissed.

Punitive damages are damages, other than compensatory or nominal damages, that are awarded to punish a person for extreme and shameful conduct and to deter that person and others from comparable behavior in the future. Restatement (Second) of Torts § 908 (2005). Extreme and shameful conduct is behavior that is "malicious, wanton, reckless or in willful disregard for another's rights." *Vassiliades v. Garfinckel's*, 492 A.2d 580, 593 (D.C. 1985).

It is well-established that punitive damages are not favored by the courts or by law. *Id.* See also *Knippen v. Ford Motor Company*, 546 F.2d 993, 1002 (D.C. Cir. 1976); *Rogers v. Lowes L'Enfant Plaza Hotel*, 526 F. Supp. 523, 534 (D.D.C. 1981). Punitive damages are reserved for "extreme cases." *Queen v. Postell*, 513 A.2d 812, 817 (D.C. 1986). As a result, these damages are awarded rarely and are not granted for "mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence." *Keshishian & Sons v. Washington Square, Inc.*, 414 A.2d 834, 842 (D.C. 1980); Restatement (Second) of Torts § 908 (2005).

As a matter of law, the elements necessary for a punitive damages claim are tortuous conduct aggravated by actual malice. *Dalo v. Kivitz*, 596 A.2d 35, 40 (D.C. 1991). Any award of punitive damages must be based on a "sufficient legal foundation" that is supported by both the law and the record. *Vassiliades*, 492 A.2d at 593. Additionally, *this* Defendant's conduct must show conscious or extremely reckless disregard or intentional wrongdoing. *Knippen*, 546 F.2d at 1002. The specific required elements for a successful claim for punitive damages include the commission of a tortuous act, "accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the Plaintiff's rights, or other circumstances tending to aggravate the injury." *Washington Medical Center, Inc. v. Holle*, 573 A.2d 1269, 1284 (D.C. 1990) (quoting *Parker v. Stein*, 557 A.2d 1319, 1322 (D.C. 1989)) (quoting *Franklin Inv. Co. v. Homburg*, 252 A.2d 95, 98 (D.C. 1969)).

The District of Columbia has a particularly high standard of proof before permitting the award of punitive damages. *Rogers*, 526 F. Supp. at 534. A plaintiff in the District of Columbia is only entitled to these damages if he or she can show that the defendant participated in the wrongful act or specifically ratified the conduct. Id. Additionally, whether punitive damages will lie depends exclusively on "the intent with which the wrong was done, and not on the extent of the actual damages." *Washington Medical Center, Inc.*, 573 A.2d at 1284 (citing *Robinson v. Sarisky*, 535 A.2d 901, 907 (D.C. 1988)). Thus, the Plaintiff herein must prove not only that *this* Defendant committed the tortuous act but also by "clear and convincing evidence that the act was accompanied by conduct and a state of mind evincing malice or its equivalent." *Daka, Inc. v. McCrae*, 839 A.2d 682, 695 (D.C. 2003) (quoting *Jonathan Woodner Co. v. Breeden*, 665 A.2d 929, 938 (D.C. 1995)).

A theoretical or hypothetical showing of malice is not sufficient for a successful claim for punitive damages in the District of Columbia. *Croley v. Republican National Committee*, 759 A.2d 682, 695 (D.C. 2000) (citing *United Mine Workers of America, Int'l Union v. Moore*, 717 A.2d 332, 341 (D.C. 1998) (holding that to prove punitive damages, a "showing of evil motive or actual malice is... required"). This is because "punitive damages are appropriately reserved only for tortuous acts which are replete with malice." *Dalo v. Kivitz*, 596 A.2d 35, 40 (D.C. 1991) (quoting *Zanville v. Garza*, 561 A.2d 1000, 1002 (D.C. 1989)) (emphasis added).

Finally, the District of Columbia courts require that the elements justifying the punitive damages be firmly established for such damages to be awarded. See, e.g., *McNeil Pharmaceuticals v. Hawkins*, 686 A.2d 567, 570 (D.C. 1996) (quoting *Raynor v. Richardson-Merrell*, Inc., 643 F. Supp. 238, 245 (D.D.C. 1986). Without a clear showing of malice or willful misconduct, coupled with reasonableness and proportionality, District of Columbia courts have consistently ruled that claims for punitive damages must fail. See, e.g., *Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 (D.C. 1976).

As such, the Plaintiff's punitive damages claim in the Complaint should be dismissed with prejudice.

WHEREFORE, Defendant COSMOPOLITAN REAL ESTATE SETTLEMENTS, INC. (incorrectly named as "Cosmopolitan Settlements") requests that its Motion to Dismiss be granted and Plaintiff's Complaint be dismissed with prejudice and that it be awarded its cost of this action and such other and further relief as the Court may deem just and proper.

Date: June 20, 2008.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

\s\ Craig L. Sarner

Joseph J. Bottiglieri, Esquire, Bar No. 418523
Craig L. Sarner, Esquire, Bar No. 447523
1233 20th Street, N.W., Suite 800
Washington, DC 20005
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
***Counsel for Defendant COSMOPOLITAN REAL ESTATE SETTLEMENTS, INC.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent via ECF and/or mailed, postage, prepaid, on this 20th day of June, 2008, to:

William S. Bach, Esquire
717 D Street, NW, #400
Washington, DC 20004
***Counsel for Plaintiff***

Resource Bank
2901 S. Lynhaven Road, #240
Virginia Beach, VA 23452
***Defendant***

Wells Fargo Bank, NA
P.O. Box 31618
Billings, Montana 59107-1678
***Defendant***

Aurora Loan Services
Address unknown
***Defendant***

/s/ Craig L. Sarner
Craig L. Sarner

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

MAKOMI BAMBA
Plaintiff,
v.
RESOURCE BANK, et al.
Defendants.

C.A. No. 2008 CA 004129 R(RP)
Judge Judith E. Retchin
Next Event: Initial Conf: 9/5/08

**ORDER**

UPON CONSIDERATION of Defendant Cosmopolitan Real Estate Settlements, Inc.'s Motion to Dismiss Plaintiff's Complaint, any Opposition thereto, and the record herein, it is by the Superior Court for the District of Columbia this ______ day of ______________, 2008, hereby

ORDERED, that Defendant Cosmopolitan Real Estate Settlements, Inc.'s Motion to Dismiss is GRANTED, and it is further

ORDERED that Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE as to Defendant Cosmopolitan Real Estate Settlements, Inc.

IT IS SO ORDERED.

______________________________
The Honorable Judith E. Retchin
Superior Court for the District of Columbia

Copies to:

Joseph J. Bottiglieri, Esq., #418523
Craig L. Sarner, Esq., #447523
Bonner, Kiernan, Trebach & Crociata, LLP
1233- 20th Street, N.W. Suite 800
Washington, D.C. 20036
***Counsel for Defendant Cosmopolitan Real Estate Settlements, Inc.***

William S. Bach, Esquire
717 D Street, NW, #400
Washington, DC 20004
***Counsel for Plaintiff***

Resource Bank
2901 S. Lynhaven Road, #240
Virginia Beach, VA 23452
***Defendant***

Wells Fargo Bank, NA
P.O. Box 31618
Billings, Montana 59107-1678
***Defendant***

Aurora Loan Services
Address unknown
***Defendant***

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **MAKOMI BAMBA** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 2008 CA 004129 R(RP)** |
| | : | **Judge Judith E. Retchin** |
| **RESOURCE BANK, et al.** | : | **Next Event: Initial Conf: 9/5/08** |
| | : | |
| **Defendants.** | : | |

**DEFENDANT COSMOPOLITAN REAL ESTATE SETTLEMENTS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant COSMOPOLITAN REAL ESTATE SETTLEMENTS, INC. (incorrectly named as "Cosmopolitan Settlements")(hereinafter, "Defendant"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and in answer to the Plaintiff's Complaint, states as follows:

1. Defendant denies that Plaintiff was damaged in the manner and to the extent alleged in the Complaint.

2. Plaintiff has failed to state a claim upon which relief can be granted against Defendant for Count I (Fraud) and Count II (RESPA) of his Complaint.[1]

3. Plaintiffs have failed to state a claim upon which relief can be granted for punitive damages and the allegations contained in Plaintiff's Complaint do not rise to the requisite level to award punitive damages.

4. Any allegation not specifically admitted is hereby denied.

---

[1] It is unclear as to whether Count I is directed at this Defendant. Count III is not directed at this Defendant. Defendant is filing a Motion to Dismiss to Counts I and II of Plaintiff's Complaint, along with the claim for punitive damages.

## ANSWER

### FIRST DEFENSE

The Complaint fails to state a claim and/or cause of action upon which relief can be granted.

### SECOND DEFENSE

The allegations against Defendant may be beyond the applicable statute of limitations and/or barred by laches. Therefore, Plaintiff's Complaint must be dismissed with prejudice.

### THIRD DEFENSE

Defendant denies that it is liable to Plaintiff for damages in any amount.

### FOURTH DEFENSE

Plaintiff's claims may be barred by the economic loss rule, lack of privity and/or no duty exists.

### FIFTH DEFENSE

Defendant generally denies the Prayer for Relief as asserted in the Plaintiff's Complaint, including but not limited to any attempt to recover punitive damages, treble damages, cost and/or attorney fees.

### SIXTH DEFENSE

In specific answers to the enumerated paragraphs of the Plaintiff's Complaint and without waiving any defenses, including but not limited to Defendant's Motion to Dismiss, Defendant states as follows:

### INTRODUCTION

1. The allegations set forth on page 1 of Plaintiff's Complaint are denied and strict proof thereof is demanded.

2. The allegations set forth in Section A. FACTS on pages 2 and 3 of Plaintiff's Complaint are denied and strict proof is demanded.

Without waiving the Motion to Dismiss, Defendant further states as follows:

**COUNT I – FRAUD**

3. Although it does not appear that Count I (Fraud) is directed at this Defendant, out of an abundance of caution, Defendant responds thereto by denying all of the allegations contained on pages 3, 4 and 5 in Count I of Plaintiff's Complaint and demands strict proof thereof.

**COUNT II – RESPA (ALL DEFENDANTS)**

4. Defendant denies the allegations contained on page 6 in Count II of Plaintiff's Complaint and demands strict proof thereof.

**COUNT III- GROSS NEGLIGENCE (AGAINST RESOURCE BANK)**

5. The allegations contained on pages 6 and 7 in Count III of Plaintiff's Complaint are not directed at this Defendant and, therefore, no response is deemed to be required. However, to the extent that the court requires Defendant to respond thereto, Defendant denies any such allegations being made against it and demands strict proof thereof.

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's recovery is barred, in whole or in part, by their failure to exercise due care, which was the proximate cause of all or part of their alleged injuries and damages.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff failed to take due and appropriate care in the mitigation of their alleged injuries and their recovery from Defendant is therefore barred in whole or in part.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries and damages were directly and proximately caused and/or contributed by their own acts and conduct (contributory negligence), which intervened between Defendant's alleged acts and conduct and Plaintiff's alleged damages, thereby barring Plaintiff from any recovery from Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries and damages may have been directly and proximately caused by the acts and conduct of other parties and/or third parties, which intervened between Defendant's alleged acts and conduct and Plaintiffs' alleged damages, thereby barring Plaintiff from any recovery from Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries and damages are not causally related to the events alleged in their Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations, statute of fraud and/or laches.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the economic loss rule, lack of privity, lack of subject matter jurisdiction and/or lack of duty.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff assumed the risk of her injuries (assumption of the risk), thus barring her recovery from Defendant.

**TENTH AFFIRMATIVE DEFENSE**

Defendant further pleads the defenses of accord and satisfaction, collateral estoppel, misjoinder, nonjoinder, equitable estoppel, estoppel, set-off, adverse possession, release, misrepresentation, payment, lack of malice, immunity, res judicata, unclean hands, truth, exemption, forfeiture, waiver, reasonable justification, reasonable reliance and privilege.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any allegation that is not specifically admitted is hereby denied.

**TWELTH AFFIRMATIVE DEFENSE**

Plaintiff may not be a proper party to this action and, thus, lack standing to bring this action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert other affirmative defenses and/or to amend its Answer as discovery in this case discloses a basis therefore.

WHEREFORE, Defendant COSMOPOLITAN REAL ESTATE SETTLEMENTS, INC. (incorrectly named as "Cosmopolitan Settlements") requests that the Plaintiff's Complaint be dismissed with prejudice and that it be awarded its cost of this action and such other and further relief as the Court may deem just and proper.

Date: June 20, 2008.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

\s\ Craig L. Sarner

Joseph J. Bottiglieri, Esquire, Bar No. 418523
Craig L. Sarner, Esquire, Bar No. 447523
1233 20th Street, N.W., Suite 800
Washington, DC 20005
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
***Counsel for Defendant COSMOPOLITAN REAL ESTATE SETTLEMENTS, INC.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was sent via ECF and/or mailed, postage, prepaid, on this 20th day of June, 2008, to:

William S. Bach, Esquire
717 D Street, NW, #400
Washington, DC 20004
***Counsel for Plaintiff***

Resource Bank
2901 S. Lynhaven Road, #240
Virginia Beach, VA 23452
***Defendant***

Wells Fargo Bank, NA
P.O. Box 31618
Billings, Montana 59107-1678
***Defendant***

Aurora Loan Services
Address unknown
***Defendant***

/s/ Craig L. Sarner
Craig L. Sarner

# EXHIBIT B

# TO

# DEFENDANT AURORA LOAN SERVICES, LLC'S NOTICE OF REMOVAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MAKOMI BAMBA,<br><br>Plaintiff,<br><br>vs.<br><br>RESOURCE BANK, *et al.*,<br><br>Defendants. | Case No.: |

**COSMOPOLITAN REAL ESTATE SETTLEMENTS, INC.'S CONSENT TO REMOVAL**

I, Craig L. Sarner, Esquire, on behalf of Cosmopolitan Real Estate Settlements, Inc., states as follows:

1. Cosmopolitan Real Estate Settlements, Inc. consents to the removal of this case to the United States District Court for the District of Columbia by defendant Aurora Loan Services, LLC.

Respectfully submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

\s\ Craig L. Sarner

Joseph J. Bottiglieri, Esquire, Bar No. 418523
Craig L. Sarner, Esquire, Bar No. 447523
1233 20th Street, N.W., Suite 800
Washington, DC 20005
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
***Counsel for Defendant COSMOPOLITAN REAL ESTATE SETTLEMENTS, INC.***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAKONI BAMBA
Plaintiff

v. Civil Action No. 08 1163

JUL 2 2008

RESOURCE BANK
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge ELLEN SEGAL HUVELLE ESH. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By [signature]
Deputy Clerk

cc: WM. S. BACH
RESOURCE BANK
COSMOPOLITAN SETTLEMENTS
WELLS FARGO BANK, NA

929A
Rev. 7/02