IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAKOMI BAMBA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:08-cv-01163-ESH |
| v. ) | |
| ) | |
| RESOURCE BANK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT AURORA LOAN SERVICES LLC'S
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Aurora Loan Services LLC ("Aurora"), respectfully moves this Court to dismiss plaintiff's Complaint for failure to state a claim upon which relief may be granted. As support for this Motion, Aurora incorporates by reference herein the attached Memorandum of Points and Authorities. A proposed Order is also attached.

Respectfully submitted,

/s/ David M. Souders
David M. Souders (DC Bar # 441491)
Sandra B. Vipond (DC Bar # 465702)
WEINER BRODSKY SIDMAN KIDER PC
1300 19th Street, N.W., Fifth Floor
Washington, DC  20036
(202) 628-2000

Attorneys for Defendant Aurora Loan Services LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAKOMI BAMBA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RESOURCE BANK, *et al.*, )<br>)<br>Defendants. )<br>) | Case No.: 1:08-cv-01163-ESH |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT AURORA LOAN SERVICES
LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

This Complaint is an attempt to hold others responsible for a loan that plaintiff has determined—in hindsight—to be an imprudent transaction. Nearly three years ago, plaintiff obtained a loan for the purchase of her property in the District of Columbia. Plaintiff has since concluded that she is "unqualified" and blames defendants for making a loan that she cannot repay. Plaintiff attempts to pin liability on Aurora by alleging fraud (Count I) and violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") (Count II).

As set forth more fully below, pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's Complaint is subject to dismissal as against Aurora. First, plaintiff's fraud claim consists of conclusory allegations that do not meet the heightened pleading requirements for such claims, and plaintiff does not allege facts for each of the requisite elements of fraud. Second, plaintiff's claim for

2

violation of RESPA is both time-barred and also fails to state a claim upon which relief may be granted.[1]

For these reasons, the Court should dismiss plaintiff's Complaint in its entirety as against Aurora for failure to state a claim upon which relief may be granted.

## FACTUAL BACKGROUND

For purposes of this motion to dismiss, Aurora accepts as true the following factual allegations set forth in the Complaint. Plaintiff is the owner of property located at 505 Allison Street, Washington, D.C. 20011 ("Property"). Compl. at 1. Defendant Resource Bank assisted plaintiff with obtaining a mortgage loan for the Property. *Id.* at 3. Plaintiff obtained a loan in the amount of $515,000.00, *id.* at 4, which plaintiff now describes as "a loan that could not be paid," *id.* at 2. Without alleging any particular misrepresentation on the part of Aurora, plaintiff states that "[t]he loans were improperly, unfairly and illegally made and all were enriched by willful, systematic and taking illegal advantage" of plaintiff, *id.* at 5, and that certain unspecified "loan documents were forged" and contain inconsistent information regarding the amortization of interest. *Id.* at 3.

Plaintiff further alleges that she was not qualified for the "interest only" loan she obtained and that she was charged "outrageous fees and charges" at the time of closing. *Id.* at 4. Despite plaintiff's recognition that "the HUD documents will show large amounts of fees and costs paid to the Defendants," *id.* at 6, plaintiff complains that the "[i]nterest and fees are not as presented in the initial negotiations, " *id.* at 2.

Based on these thin allegations, plaintiff purports to state causes of action for fraud and violation of RESPA against all defendants, and gross negligence against Resource Bank only.

---

[1] Count Three of the Complaint, alleging gross negligence, is not pled against Aurora.

3

## LEGAL STANDARD

Aurora files this motion to dismiss plaintiff's Complaint pursuant to Rule 12(b)(6). The purpose of Rule 12(b)(6) is to test the legal sufficiency of the Complaint. *Browning v. Clinton*, 292 F.3d 235, 241 (D.C. Cir. 2002). In reviewing a Complaint, the court "must accept as true all of the factual allegations contained in the complaint." *Kassem v. Washington Hosp. Center*, 513 F.3d 251, 253 (D.C. Cir. 2008). While the court must accept the factual allegations of the Complaint as true, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). In addition to the facts alleged in the Complaint, the court may consider "'any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice.'" *Trudeau v. Federal Trade Comm'n*, 456 F.3d 178, 183 (D.C. Cir. 2006) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997)).

Rule 9(b) imposes a heightened pleading requirement for fraud claims, requiring that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "The D.C. Circuit has construed Rule 9(b) to require that the pleader must 'state the time, place and content of the false misrepresentation, the fact misrepresented and what was retained or given up as a consequence of the fraud.'" *Cadet v. Draper & Goldberg, PLLC*, No. 05-2105 (JDB), 2007 WL 2893418, at *5 (D.D.C. Sept. 28, 2007) (quoting *Kowal*, 16 F.3d at 1278). In other words, a plaintiff must plead the "who, what,

when, where, and how" with respect to the alleged fraud in order to comply with Rule 9(b). *Antoine v. U.S. Bank Nat. Ass'n*, 547 F. Supp. 2d 30, 36 (D.D.C. 2008) (citations omitted).

## ARGUMENT

### I.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST AURORA FOR FRAUD

Plaintiff's claim for fraud must be dismissed because (1) plaintiff does not meet the particularity requirements for pleading a claim of fraud against Aurora; and (2) plaintiff fails to allege facts in support of each of the requisite elements of fraud.

First, as to particularity, the sole direct allegation plaintiff makes against Aurora in support of her purported fraud claim is: "Mortgagee knowingly and intentionally made fraudulent representations and misrepresentations and omission of material fact in order to induce Bomba to enter the transaction. Plaintiff reasonably relied on the representation in executing the subject loan transaction." Compl. at 4. Rule 9(b) requires more than these conclusory statements for a cause of action based on fraud. Plaintiff does not specify what the alleged fraudulent representations were, let alone, who made the statements, when they were made, where they were made, or how they were made. *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 73 (D.D.C. 2002) ("Conclusory allegations that a defendant's actions were fraudulent or deceptive do not satisfy Rule 9(b)."); *see also Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 116, 137 (D.D.C. 2008) ("[A] plaintiff claiming fraud through 'suppression of facts' must identify the facts concealed and/or acts of concealment with particularity.").

Plaintiff's cursory allegations that the loan she obtained was "improperly, unfairly and illegally made," Compl. at 5, and that the "loan documents were forged and showed in some cases interest only and in others amortization," *id.* at 3, are also woefully insufficient to state a

5

claim for fraud against Aurora.[2] Indeed, the allegations—stated generally and without identifying the purported person taking such actions—are so incomprehensibly vague that they fail to provide any notice of the substance of her claim. Accordingly, these allegations also violate the particularity requirements for pleading fraud.

In addition to plaintiff's failure to allege fraud with particularity, plaintiff's Complaint is legally insufficient because plaintiff fails to allege facts in support of each of the requisite elements of fraud. A claim of fraud requires plaintiff to allege (1) defendant made a false representation to plaintiff, (2) of a material fact, (3) made with knowledge of its falsity, (4) with intent to deceive and (5) plaintiff relied upon the representation. *See Bennett v. Kiggins*, 377 A.2d 57 (D.C. 1977). In support of her fraud claim, plaintiff simply has not provided any facts pertaining to (1) any false representation made by Aurora; (2) any material fact that was falsely represented by Aurora; (3) any representation that Aurora made to plaintiff with knowledge of its falsity; (4) any intent on the part of Aurora to deceive plaintiff; or (4) any false representation made by Aurora that plaintiff relied on.

Accordingly, the Court should find that plaintiff has failed to state a claim for fraud against Aurora and dismiss Count I.

---

[2] Though not a separate count in the Complaint, plaintiff alleges within her fraud count that "Defendants have engaged in willful, systematic and widespread violations of the Federal Racketeer Influenced and Corrupt Organizations Act (RICO)." Compl. at 5. Obviously, this bare allegation is grossly inadequate to state a claim for violation of RICO. *Prunte v. Univ. Music Group*, 484 F. Supp. 2d 32, 43 (D.D.C. 2007) (heightened pleading standard in Rule 9(b) applicable to civil RICO claims).

## II. PLAINTIFF'S RESPA CLAIM IS TIME-BARRED AND FAILS TO STATE A CLAIM AGAINST AURORA

Plaintiff's RESPA claim consists of the sole assertion that "[t]here were never any proper disclosures made to Plaintiff in direct violation of [RESPA]. The specific violation of RESPA § 8 (a), 12 U.S.C. § 2607(a)." Compl. at 6.

First, plaintiff's RESPA claim is barred under the applicable statute of limitations. Claims brought under § 2607 must be filed within one year from the date of the alleged violation. 12 U.S.C. § 2614. *See, e.g., McKay v. Sacks*, No. 05-CV-2307, 2005 WL 1206810, at * 4 (E.D.N.Y. May 20, 2005) (stating that RESPA has a one-year statute of limitations and that "[i]t is well settled that in 'closed-end credit' transactions, such as a mortgage loan, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement."). According to the HUD-1 Settlement Statement for plaintiff's loan, the loan closing occurred on July 7, 2005.[3] Plaintiff did not file the instant action, however, until June 5, 2008—or nearly three years later. Therefore, plaintiff's claim is time-barred.

Second, plaintiff's allegations do not state a claim against Aurora for violation of the specified RESPA section, 12 U.S.C. § 2607(a). Section 2607 is entitled "Prohibition against kickbacks and unearned fees." Subsection (a) of § 2607, entitled "Business referrals," provides:

> No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

12 U.S.C. § 2607(a).

---

[3] The Court may consider the HUD-1 Settlement Statement since it is referenced in the Complaint, *see* Compl. at 6 ("The HUD documents showed large amounts of fees and costs paid to the Defendants"), and is integral to plaintiff's claims. *Trudeau*, 456 F.3d at 183. The HUD-1 is attached hereto as Exhibit A.

7

Although plaintiff alleges that she incurred "outrageous fees and charges at the time of the closing," Compl. at 4, and that "[t]he HUD documents showed large amounts of fees and costs paid to the Defendants," *id.* at 6, there are no allegations in the Complaint that Aurora either gave or accepted any "fee, kickback, or thing of value" in connection with an agreement for referral of business. Absent such allegations, plaintiff has not stated a claim for violation of § 2607(a).

Third, while plaintiff claims that she did not receive "proper disclosures" under § 2607(a), in fact, that subsection does not require any disclosures. While it is true that RESPA requires that a lender provide, prior to consummation, a good faith estimate of the charges a borrower is likely to incur, *see* 12 U.S.C. § 2604(c), there is no private right of action available for an alleged violation of this section. *See, e.g., Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir. 1997); *Carr v. Home Tech Co.*, 476 F. Supp. 2d 859, 869 (W.D. Tenn. 2007); *Chow v. Aegis Mortg. Corp.*, 286 F. Supp. 2d 956, 962 (N.D. Ill. 2003).[4]

Thus, the Court should find that plaintiff's RESPA claim is barred by the applicable statute of limitations and that plaintiff has failed to state a claim upon which relief may be granted as against Aurora.

## CONCLUSION

Plaintiff obtained a loan that she has come to regret over the past several years, and is attempting to shift responsibility for this transaction onto defendants. However, plaintiff simply has not pled facts in support plaintiff's assertion that Aurora engaged in fraudulent conduct or that it violated RESPA. To the contrary, the facts make clear that plaintiff cannot maintain a

---

[4] For the record, Aurora disputes plaintiff's assertion that she was not provided with proper disclosures in connection with her loans. For purposes of this motion to dismiss, however, that dispute is of no consequence.

fraud or RESPA claim against Aurora and that plaintiff's RESPA claim is time-barred as a matter of law. Accordingly, for all of the foregoing reasons, Aurora respectfully requests that the Court grant its Motion and dismiss plaintiff's Complaint against it.

                                      Respectfully submitted,

                                      /s/ David M. Souders
                                      David M. Souders (DC Bar # 441491)
                                      Sandra B. Vipond (DC Bar # 465702)
                                      WEINER BRODSKY SIDMAN KIDER PC
                                      1300 19th Street, N.W., Fifth Floor
                                      Washington, DC 20036
                                      (202) 628-2000

                                      Attorneys for Defendant Aurora Loan Services LLC

Dated: July 9, 2008

F:\98012\040\lmhh4391.brf(Dismiss).doc

## CERTIFICATE OF SERVICE

I hereby certify on this 9th day of July, 2008, that the foregoing Defendant Aurora Loan Services LLC's Motion to Dismiss Plaintiff's Complaint was filed electronically and served on the following counsel of record by operation of the Court's ECF system:

William S. Bach, Esq.
717 D Street, N.W., Suite 400
Washington, D.C. 20004

Craig L. Sarner, Esq.
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., 8th Floor
Washington, DC 20036

I further certify on this 9th day of July, 2008, that a copy of the foregoing was served on the following parties not registered with the Court's ECF system via first-class mail, postage prepaid:

Resource Bank
2901 S. Lynhaven Road, #240
Virginia Beach, VA 22452

Wells Fargo Bank, N.A.
P.O. Box 31618
Billings, Montana 59107-1678

/s/ David M. Souders
David M. Souders (DC Bar # 441491)

# EXHIBIT A

# TO

# DEFENDANT AURORA LOAN SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

A. Settlement Statement — U.S. Department of Housing and Urban Development

OMB No. 2502-0265

| B. Type of Loan | | | | |
|---|---|---|---|---|
| 1. ☐ FHA  2. ☐ RHS  3. ☒ Conv Unins  4. ☐ VA  5. ☐ Conv Ins | 6 File Number H05-319 | 7 Loan Number 6700001239 | 8 Mortgage Insurance Case Number | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p o c )" were paid outside the closing, they are shown here for information purposes and are not included in the totals

| D Name and Address of Borrower | E Name and Address of Seller | F Name and Address of Lender |
|---|---|---|
| Makoni Bamba 3457 Andrew Court #302 Laurel, MD 20724 | Bintou Ouattara 505 Allison Street, NW Washington, DC 20011 | Resource Bank 2901 South Lynnhaven Road, #240 Virginia Beach, VA 23452 |

| G Property Location | H Settlement Agent |
|---|---|
| 505 Allison Street, NW Washington, DC 20011 | Cosmopolitan Real Estate Settlements, Inc |
| | Place of Settlement: 9200 Basil Court, Suite 307, Largo, Maryland 20774 — I Settlement Date 07/07/05 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| 100 GROSS AMOUNT DUE FROM BORROWER | | 400 GROSS AMOUNT DUE TO SELLER | |
| 101. Contract sales price | 515,000.00 | 401 Contract sales price | 515,000.00 |
| 102 Personal property | | 402 Personal property | |
| 103 Settlement charges to borrower (line 1400) | 25,986.43 | 403 | |
| 104 | | 404 | |
| 105 | | 405 | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106 City/town taxes to | | 406 City/town taxes to | |
| 107 County taxes to | | 407 County taxes to | |
| 108 Assessments to | | 408 Assessments to | |
| 109 | | 409 | |
| 110 | | 410 | |
| 111 | | 411 | |
| 112 | | 412 | |
| 120 GROSS AMOUNT DUE FROM BORROWER | 540,986.43 | 420 GROSS AMOUNT DUE TO SELLER | 515,000.00 |
| 200 AMOUNTS PAID BY OR IN BEHALF OF BORROWER | | 500 REDUCTIONS IN AMOUNT TO SELLER | |
| 201 Deposit or earnest money | | 501 Excess Deposit (see instructions) | |
| 202 Principal amount of new loan(s) | 412,000.00 | 502 Settlement charges to seller (line 1400) | 8,126.50 |
| 203 Existing loan(s) taken subject to | | 503 Existing loan(s) taken subject to | |
| 204 | | 504 Payoff of first mortgage loan Tillamook Financial | |
| 205 2nd proceeds | 99,136.50 | 505 Payoff of second mortgage loan | |
| 206 | | 506 water escrow | 500.00 |
| 207 seller credit | 15,000.00 | 507 seller credit | 15,000.00 |
| 208 | | 508 | |
| 209 | | 509 | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210 City/town taxes 04/01 to 07/07 | 350.23 | 510 City/town taxes 04/01 to 07/07 | 350.23 |
| 211 County taxes to | | 511 County taxes to | |
| 212 Assessments to | | 512 Assessments to | |
| 213 | | 513 | |
| 214 | | 514 | |
| 215 | | 515 | |
| 216 | | 516 | |
| 217 | | 517 | |
| 218 | | 518 | |
| 219 | | 519 | |
| 220 TOTAL PAID BY / FOR BORROWER | 526,486.73 | 520 TOTAL REDUCTION AMOUNT DUE SELLER | 23,978.73 |
| 300 CASH AT SETTLEMENT FROM OR TO BORROWER | | 600 CASH AT SETTLEMENT TO OR FROM SELLER | |
| 301 Gross amount due from borrower (line 120) | 540,986.43 | 601 Gross amount due to seller (line 420) | 515,000.00 |
| 302 Less amounts paid by/for borrower (line 220) | 526,486.73 | 602 Less reduction amount due to seller (line 520) | 23,978.73 |
| 303 CASH        FROM        BORROWER | 14,499.70 | 603 CASH        TO        SELLER | 491,021.27 |

RESPA, HB 4305 2 - REV HUD1(3/86)

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT          SETTLEMENT STATEMENT                          PAGE 2

| L. SETTLEMENT CHARGES: | File Number H05-319 | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|
| 700 | TOTAL SALES/BROKER'S COMMISSION based on price $ @ = | | | |
| | Division of commission (line 700) as follows | | | |
| 701 | $ to | | | |
| 702 | $ to | | | |
| 703 | Commission paid at Settlement | | | |
| 704 | | | | |
| 800 | ITEMS PAYABLE IN CONNECTION WITH LOAN | P.O.C. | | |
| 801 | Loan Origination Fee           %     Resource Bank | | 6,180.00 | |
| 802 | Loan Discount                  %     Resource Bank | | 4,120.00 | |
| 803 | Appraisal Fee                  to    Resource Bank | 350B | | |
| 804 | Credit Report                  to    Resource Bank | | 23.10 | |
| 805 | Lender's Inspection Fee        to | | | |
| 806 | Mtg Ins Application Fee        to | | | |
| 807 | Assumption Fee                 to | | | |
| 808 | Tax Service fee                      Resource Bank | | 85.00 | |
| 809 | Underwriting fee                     Resource Bank | | 220.00 | |
| 810 | Flood Cert Fee                       Resource Bank | | 16.00 | |
| 811 | Document Review fee                  Resource Bank | | 495.00 | |
| 812 | | | | |
| 813 | | | | |
| 814 | | | | |
| 815 | | | | |
| 900 | ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | |
| 901 | Interest from 07/07/05 to 08/01/05 @$     67 73 /day    25 day(s) | | 1,693.25 | |
| 902 | Mortgage Insurance Premium     to | | | |
| 903 | Hazard Insurance Premium       1 yrs to  Allstate Insurance | | 757.00 | |
| 904 | | | | |
| 905 | | | | |
| 1000 | RESERVES DEPOSITED WITH LENDER FOR | | | |
| 1001 | Hazard Insurance               2 mo @$    63.08 / mo | | 126.16 | |
| 1002 | Mortgage Insurance             mo @$         / mo | | | |
| 1003 | City property taxes            7 mo @$    109.00 / mo | | 763.00 | |
| 1004 | County property taxes          mo @$         / mo | | | |
| 1005 | Annual Assessments             mo @$         / mo | | | |
| 1006 | mo @$    / mo | | | |
| 1007 | mo @$    / mo | | | |
| 1008 | Aggregate Credit for Hazard/Flood Ins, City/County Prop Taxes, Mortgage Ins & Annual Assessments | | -63.08 | |
| 1100 | TITLE CHARGES | | | |
| 1101 | Settlement or closing fee      to  Cosmopolitan Real Estate Settlements, Inc | | 250.00 | 195.00 |
| 1102 | Abstract or title search       to  Ace Abstractors, Inc | | 145.00 | |
| 1103 | Title examination              to  Cosmopolitan Real Estate Settlements, Inc | | 175.00 | 50.00 |
| 1104 | Title insurance binder         to  Cosmopolitan Real Estate Settlements, Inc | | 65.00 | |
| 1105 | Document preparation           to  Cosmopolitan Real Estate Settlements, Inc | | 50.00 | 50.00 |
| 1106 | Notary fees                    to  Cosmopolitan Real Estate Settlements, Inc | | 20.00 | 20.00 |
| 1107 | Attorney's fees                to | | | |
| | (includes above item No                                        ) | | | |
| 1108 | Title insurance                to  Security Title Guarantee Corp of Baltimore | | 2,646.50 | |
| | (includes above item No                                        ) | | | |
| 1109 | Lender's coverage    412,000.00 — 949.00 | | | |
| 1110 | Owner's coverage     515,000.00 — 1,697.50 | | | |
| 1111 | Copies/Long/Wire/UPS           Cosmopolitan Real Estate Settlements, Inc | | 46.50 | 50.00 |
| 1112 | Lien Release                   Cosmopolitan Real Estate Settlements, Inc | | 95.00 | |
| 1113 | Judgement Search               Property Insight | | 12.00 | 12.00 |
| 1200 | GOVERNMENT RECORDING AND TRANSFER CHARGES | | | |
| 1201 | Recording fees  Deed $    26 50  , Mortgage $   117 50 , Releases $    26 50 | | 144.00 | 26.50 |
| 1202 | City/county/stamps  Deed $        , Mortgage $ | | | |
| 1203 | State tax/stamps    Deed $        , Mortgage $ | | | |
| 1204 | Transfer and Recordation - | | 7,725.00 | 7,725.00 |
| 1205 | | | | |
| 1300 | ADDITIONAL SETTLEMENT CHARGES | | | |
| 1301 | Survey                         to  Millennium Engineering LLC | | 195.00 | |
| 1302 | Pest inspection                to | | | |
| 1303 | | | | |
| 1304 | | | | |
| 1305 | | | | |
| 1306 | | | | |
| 1307 | | | | |
| 1308 | | | | |
| 1400 | TOTAL SETTLEMENT CHARGES       (enter on lines 103 and 502, Sections J and K) | | 25,986.43 | 8,128.50 |

RESPA, HB 4305 2 - REV  HUD1(3/86)

ADDENDUM TO HUD-1 SETTLEMENT STATEMENT HUD SETTLEMENT CERTIFICATION

I have carefully reviewed the Hud-1 Settlement Statement and to the best of my knowledge and belief, it is true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the Hud-1 Settlement Statement.

WITNESS                Bintou Ouattara, by her attorney in fact
                       Yaya Diamant

WITNESS

WITNESS                Makan Bamba

WITNESS

WITNESS

The Hud-1 Settlement Statement, which I have prepared, is a true and accurate account of this transaction. I have caused the funds to be disbursed in accordance with this statement.

                                   07/07/05
SETTLEMENT AGENT

WARNING: it is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S Code Section 1001 and Section 1010.

### SUBSTITUTE FORM 1099 SELLER STATEMENT

The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on Line 401 above constitutes the Gross Proceeds of this transaction.

SELLER(S) INSTRUCTIONS: If this real estate was your principal residence, file form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040).

You are required by law to provide Ralph A. Bernardo, Esq., (522201691) with your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

SSN: _____           _____
                                        Bintou Ouattara


SELLER FORWARDING ADDRESS:
505 Allison Street, NW, Washington, DC 20011

# EXHIBIT B

## TO

## DEFENDANT AURORA LOAN SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAKOMI BAMBA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:08-cv-01163-ESH |
| v. ) | |
| ) | |
| RESOURCE BANK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Upon consideration of Defendant Aurora Loan Services LLC's Motion to Dismiss Plaintiff's Complaint, any opposition thereto, and finding that good cause exists for granting the motion, it is this _____ day of _____, 2008,

**ORDERED** that said motion is **GRANTED**; and it is

**FURTHER ORDERED** that plaintiff's Complaint is dismissed in its entirety as against Defendant Aurora Loan Services LLC.

_____
Ellen S. Huvelle
United States District Judge

Copies to:

William S. Bach, Esq.
717 D Street, N.W., Suite 400
Washington, D.C. 20004

David M. Souders, Esq.
Sandra B. Vipond, Esq.
Weiner Brodsky Sidman Kider PC
1300 19th Street, N.W., Fifth Floor
Washington, DC 20036

Craig L. Sarner, Esq.
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., 8th Floor
Washington, DC 20036

Resource Bank
2901 S. Lynhaven Road, #240
Virginia Beach, VA 22452

Wells Fargo Bank, N.A.
P.O. Box 31618
Billings, Montana 59107-1678