UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAKOMI BAMBA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-1163 (ESH) |
| ) | |
| RESOURCE BANK, COSMOPOLITAN ) | |
| REAL ESTATE SETTLEMENTS, INC., ) | |
| AURORA LOAN SERVICES LLC, and ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff purchased a home in the District by obtaining a 100% loan in the amount of $515,000. (Compl. at 1, 4.) According to plaintiff, she was not qualified for this loan, and she was not properly advised of the "outrageous" interests rates and fees associated with the loan. (*Id*. at 2, 4-5.) Plaintiff claims that she "was set up for a default from day one," and that she "has suffered substantial economic harm and mental stress" as a result of the loan. (*Id*. at 4-5.)

Defendant Cosmopolitan Real Estate Settlements, Inc. ("Cosmopolitan") served as the settlement company at the closing for plaintiff's property. (Cosmopolitan's Mot. at 3.) Plaintiff alleges that Cosmopolitan and the other defendants "arrange[d] for mortgages for substantially more than the value of the property." (Compl. at 4.) Plaintiff suggests (but does not specifically allege) that Cosmopolitan "overlook[ed] the standard closing formalities" and charged excessive fees. (*Id.* at 5.) Plaintiff also claims that Cosmopolitan "lack[ed] prudence" and failed to make proper disclosures. (*Id.* at 6.) According to plaintiff, "[Cosmopolitan] closed so many other similar loan[s]

that [it] had to know what was going on [but it] failed to stop it."[1]  (*Id*.)

Defendant Aurora Loan Services LLC ("Aurora") served as mortgagee in this transaction. (Aurora's Mot. at 5.)[2]  The only specific allegation against Aurora is that "Mortgagee knowingly and intentionally made fraudulent representations and misrepresentations and omission[s] of material fact in order to induce B[a]mba to enter the transaction.  Plaintiff reasonably relied on the representation in executing the subject loan transaction." (Compl. at 4.)

Plaintiff alleges that Cosmopolitan and Aurora committed fraud[3] (Count I) and violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. ("RESPA") (Count II).[4]  (*Id*. at 3-6.)  Cosmopolitan and Aurora have separately moved to dismiss plaintiff's complaint for failure to

---

[1] Plaintiff has made additional factual allegations in her opposition to Cosmopolitan's motion to dismiss, which she erroneously treats as a summary judgment motion under Fed. R. Civ. P. 56.  (Pl.'s Opp'n at 2.)  She claims that Cosmopolitan did not record the closing documents in a timely manner, failed to return phone calls to plaintiff's attorney, filled out the HUD-1 improperly, and "was involved in a flipping scheme or just plain [n]egligent." (Pl.'s Opp'n ¶¶ 1-3.)  However, "the Court generally may not look outside the facts contained within the four corners of the complaint."  *Tabb v. District of Columbia*, 477 F. Supp. 2d 185, 189 (D.D.C. 2007) (internal citation omitted).  In any event, these additional facts do not solve the glaring defects in plaintiff's complaint.

[2] Plaintiff has failed to respond to Aurora's motion to dismiss in a timely manner, so she is deemed to have conceded the arguments made by Aurora.  *See Fox v. American Airlines*, 389 F.3d 1291, 1293 (D.C. Cir. 2004) ("because the plaintiffs failed to respond to the defendant's . . . motion [to dismiss], the court treats the motion as conceded").  Nonetheless, the Court has addressed the merits of Aurora's motion since it raises many of the same arguments as are raised by Cosmopolitan.

[3] Within her discussion of the fraud count, plaintiff mentions the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*. ("RICO").  (Compl. at 5.)  The Court does not address this statute because plaintiff has failed to specifically articulate RICO violations against either Cosmopolitan or Aurora.  (*Id*.)  Moreover, as held in *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007), Fed. R. Civ. P. 9(b) sets a heightened pleading standard for civil RICO claims, and as decided herein, plaintiff has not satisfied this standard.

[4] Count III of the complaint, which alleges gross negligence, is against defendant Resource Bank only and is therefore not relevant here.  (Compl. at 6.)

state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the Court will grant defendants' motions.

## ANALYSIS

**I.    FRAUD**

There are five elements of common law fraud: "(1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation." *Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977).[5] "Fraud is never presumed and must be particularly pleaded. . . . One pleading fraud must allege such facts as will reveal the existence of all the requisite elements of fraud. Facts which will enable the court to draw an inference of fraud must be alleged, and allegations in the form of conclusions on the part of the pleader as to the existence of fraud are insufficient." *Id*. at 59-60.

Plaintiff has failed to allege facts enabling this Court to draw an inference of fraud. Nowhere in the complaint does plaintiff identify a "false representation" made by either Cosmopolitan or Aurora. None of plaintiff's allegations against Cosmopolitan -- *i.e.*, that it did not properly disclose information, charged excessive fees, failed to return phone calls, and recorded documents late -- constitute false representations. While plaintiff claims that Aurora "knowingly and intentionally made fraudulent representations and misrepresentations and omission[s] of material fact" (Compl. at 4), she has failed to specify what these alleged misrepresentations were. Her conclusory statements do not satisfy the heightened pleading requirements for fraud claims. *See Bennett*, 377 A.2d at 59-60. Accordingly, plaintiff has not asserted sufficient facts to sustain her fraud claim.

---

[5]"If a fraud claim is based on diversity or supplemental jurisdiction as it is in this case, then state substantive law usually defines the elements of fraud." *Zirintusa v. Whitaker*, No. 05-cv-1738 (EGS), 2007 WL 30603, at *7 (D.D.C. Jan. 3, 2007).

**II.     RESPA**

Plaintiff also alleges that "There was never any proper disclosures made to Plaintiff in direct violation of the code.  The specific violation [is] of RESPA § 8(a), 12 U.S.C § 2607(a)." (Compl. at 6.)  However, the provision cited in plaintiff's complaint prohibits kickbacks, and has nothing to do with disclosures:

> No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

12 U.S.C. § 2607(a).  Presumably, plaintiff meant to cite § 2604(c), which requires that lenders disclose "a good faith estimate of the amount or range of charges for specific settlement services the borrower is likely to incur."  However, because this provision does not provide for a private right of action, *see, e.g.*, *Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir. 1997), her RESPA claim cannot survive.

**CONCLUSION**

Therefore, for the foregoing reasons, defendants Cosmopolitan [Dkt. #9] and Aurora's [Dkt. #4] motions to dismiss are **GRANTED** and all of plaintiff's claims against defendants Cosmopolitan and Aurora are **DISMISSED** with prejudice.

                                               /s/
                                        ELLEN SEGAL HUVELLE
                                        United States District Judge

Date: August 1, 2008